FILED
SUPERIOR COURT
OF GUAM

2022 FEB 25 PM 2: 19

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0523-21** |
|---|---|
| vs. | **DECISION AND ORDER** |
| **QUINTIN PAUL BRUCE QUINTANILLA aka Quintin Paul B. Quintanilla aka Quintin Paul Quintanilla aka Quintin Bruce Quintanilla,** | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on December 9, 2021, for hearing on Defendant **QUINTIN PAUL BRUCE QUINTANILLA aka Quintin Paul B. Quintanilla aka Quintin Paul Quintanilla aka Quintin Bruce Quintanilla's** ("Defendant") Motion to Sever Charges for Purposes of Trial. Present remotely via Zoom were Assistant Attorney General Richelle Y. Canto on behalf of the People of Guam ("the Government") and Defendant with counsel, Assistant Alternate Public Defender Peter J. Santos. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

On October 19, 2021, Defendant was indicted with the following charges: (1) First Degree Criminal Sexual Conduct (As a First Degree Felony); (2) Advanced Stalking (As a Second Degree Felony); (3) Aggravated Assault (As a Third Degree Felony); and (4)

Strangulation (As a Third Degree Felony). (Indictment, Oct. 19, 2021). On November 9, 2021, Defendant filed a Motion to Sever Charges for Purposes of Trial ("Motion to Sever"). Defendant moves the Court to sever the First Charge of First Degree Criminal Sexual Conduct (As a First Degree Felony) from the remaining charges in the Indictment. *See generally*, Mot. Sever, Nov. 9, 2021. On November 23, 2021, the Government filed its Opposition, and on December 1, 2021, Defendant filed his Reply.

On December 9, 2021, the Court heard brief arguments from the parties and subsequently placed the matter under advisement.

## DISCUSSION

Under Guam law, two or more offenses may be charged in the same indictment "if the offenses charged are of the same or similar character or based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." 8 G.C.A. § 55.35.[1] Severance may be appropriate, however:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

8 G.C.A. § 65.35.[2]

To determine whether offenses are properly joined, courts traditionally consider "whether the charges are laid under the same statute, whether they involve similar victims,

---

[1] Section 55.35 is substantially the same as Rule 8 of the Federal Rules of Criminal Procedure, which provides:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8.

[2] Section 65.35 is substantially similar to Rule 14 of the Federal Rules of Criminal Procedure, which provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

locations, or modes of operation, and the time frame in which the charged conduct occurred." *United States v. Taylor*, 54 F.3d 967, 973 (1st Cir. 1995) (citations omitted). Furthermore, "the validity of the joinder is determined solely by the allegations in the indictment." *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007) (citing *United States v. Terry*, 911 F.2d 272 (9th Cir. 1990)). "[T]he primary purpose of Rule 8(a) joinder is to ensure that a given transaction need only be proved once. . . . Where there is substantial overlap in evidence between two offenses, joinder eliminates the need to prove substantially the same evidence twice over, thus realizing precisely the kind of economy envisaged by Rule 8(a)." *Howerton v. United States*, 964 A.2d 1282, 1292 (D.C. 2009) (citations, internal quotation marks, and alterations omitted); *see also Terry*, 911 F.2d at 276 ("When . . . joined offenses are not connected and are not provable by the same evidence, joinder is improper."). Rule 8(a) is "construed broadly in favor of initial joinder." *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993) (citation omitted). *See also United States v. Boulanger*, 444 F.3d 76, 87 (1st Cir. 2006) (construing Rule 8(a) generously in favor of joinder).

Defendant argues that the First Charge should be severed from the remaining charges for trial because the "evidence likely would confuse and inflame the jury as the indictment simply lumps together charges which are not factually related, nor are they related to a single instance of alleged conduct." (Mot. Sever at 3). The Government opposes, arguing that "Defendant's acts of family violence and the sexual assaults evince a pattern of conduct that indicates a common scheme or plan by the Defendant" and that "the victim's testimony on the physical abuse she suffered is inexplicably intertwined with the sexual assaults." (Opp'n at 4, Nov. 23, 2021).

The Court acknowledges that all charges involve the same alleged victim, N.M.M. (DOB: 09/03/1989). However, the First Charge of First Degree Criminal Sexual Conduct (As a First Degree Felony) alleges conduct occurring between June 1, 2011 and December 31, 2012, while the remaining charges allege conduct occurring roughly ten (10) years later between December 1, 2020 and September 20, 2021. (Indictment, Oct. 19, 2021). Although there may be evidence that overlaps between the charges by virtue of them being against the same alleged

victim, the Court does not find that they were part of the same act or transaction, nor did they necessarily constitute part of a common scheme or plan, as currently charged in the Indictment. Defendant is not charged with any acts of family violence[3] occurring during the period from 2011 and 2012, the time frame alleged in the First Charge. Defendant is also not charged with any acts of criminal sexual conduct occurring during the time frame alleged in the remaining charges. The remaining charges include allegations occurring almost ten years later and therefore do not suggest a pervasive pattern of abuse occurring over the span of ten years. As "the validity of the joinder is determined solely by the allegations in the indictment," *Jawara*, 474 F.3d at 572, the Court finds that the First Charge should be severed from the remaining charges at trial.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Sever Charges for Purposes of Trial. A Status Hearing is set for **March 22, 2022** at **9:30 a.m.** via teleconference.

**IT IS SO ORDERED** this 25th day of February, 2022.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG; APD

Date: 2/25/22 Time: 2:30

Deputy Clerk, Superior Court of Guam

---

[3] The Court notes that while Defendant is not charged with family violence in the instant matter, he is charged with Family Violence (As a Misdemeanor) in CM0150-20 against the same victim. Further, the Second Charge of Advanced Stalking (As a Second Degree Felony) in the instant matter, alleges Defendant was in violation of contacting the victim in CM0150-20.

*People v. Quintanilla*
Case No. CF0523-21
Decision and Order